**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TEJAS P. SHAH and** | § | |
| **SELECTIONS, INC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:05-CV-1608-BH (K)** |
| **MICHAEL CHERTOFF, Secretary** | § | **ECF** |
| **Department of Homeland Security, and** | § | |
| **EVELYN UPCHURCH, Director** | § | |
| **Texas Service Center, U.S. Citizenship** | § | |
| **and Immigration Services,** | § | |
| | § | |
| **Defendants** | § | **Consent Case** |

## MEMORANDUM OPINION AND ORDER

Pursuant to the parties' consent to trial by magistrate judge and the *Order of Reassignment*, filed April 10, 2006, this matter has been transferred to this Court for the conduct of all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c).  Before the Court are: *Defendants' Motion to Dismiss and Brief in Support* ("MTD"), filed October 28, 2005; *Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss*, filed November 29, 2005, Defendants' *Reply to Response to Motion to Dismiss*, filed December 16, 2005; and *Plaintiffs' Reply to Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss*, filed February 1, 2006.[1] Having reviewed the pertinent pleadings and the evidence submitted therewith, the Court finds that *Defendants' Motion to Dismiss* should be **DENIED**.

---

[1]Plaintiffs were granted leave to file a sur-reply by Order dated December 27, 2005.

## I.   BACKGROUND

Plaintiff Selections, Inc. ("Selections') is a Texas corporation affiliated with a similar business in India, C. Mahendra Jewels Pvt. Ltd. ("Mahendra Jewels"). (Compl. at 2.) Plaintiff Tejas Shah ("Shah") is an Indian citizen who began working for Mahendra Jewels in December 1998, as an Electronic Data Processing ("EDP") manager. (*Id.*) On April 3, 2000, Selections petitioned for an L-1A nonimmigrant intracompany transfer visa for Shah. (*Id.*) On May 3, 2000, the L-1A visa was approved, and Shah was granted permission to work for Selections as an EDP manager for a period of three years, through May 31, 2003. (*Id.*) On May 8, 2003, Selections petitioned to extend Shah's L-1A visa, but the extension was denied on September 25, 2003, on the basis that Shah did not manage or direct the management of a department, function, or component of the company as required by 8 C.F.R. § 214.2(1)(ii). (*Id.* at 5.) Selections appealed the decision, but the Administrative Appeals Office affirmed the denial of the request for extension. (Resp. at 3.)

Plaintiffs filed the instant lawsuit on August 12, 2005, asking the Court to vacate the judgment of the Administrative Appeals Office and grant an extension of Shah's L-1A visa. (Compl. at 9.)

## II. ANALYSIS

Defendants move to dismiss this action under FED. R. CIV. P. 12(b)(1), alleging that this Court lacks subject matter jurisdiction over Plaintiffs' claims.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See*

*Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998).  "A facial attack

requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter

jurisdiction" by examining the allegations in the complaint, which are presumed to be true.  *See id.*

(citation omitted).  However, if the defendant supports the motion with evidence, then the attack is

"factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims."  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  Regardless of the

nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist."

*Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on

the party asserting jurisdiction.") (citations omitted).

In this case, deciding the issues raised by the parties does not require the Court's resolution

of disputed factual matters outside the pleadings.  Thus, Defendants present a facial attack, and the

Court may not consider matters outside the pleadings as it considers Plaintiff's asserted bases for

jurisdiction.  *Id.* at 878.

A.     <u>28 U.S.C. § 1331</u>

Plaintiffs contend that this Court has jurisdiction pursuant to the general federal question

statute, 28 U.S.C. § 1331.  (Compl. at 3.)  Section 1331 provides the federal courts with a general

grant of civil federal question jurisdiction for actions arising under the Constitution, laws, or treaties

of the United States.  *See* 28 U.S.C. § 1331.  The parties do not dispute that the allegations in this

case arise under federal law.  However, Plaintiffs have sued Defendants, who are government

employees, in their official capacities.  Official capacity suits against federal employees are treated

as suits against the United States.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).  The

United States may not be sued except to the extent it has consented to suit by statute.  *United States*

*v. Testan*, 424 U.S. 392, 399 (1976).  Such a waiver of sovereign immunity cannot be implied, but

must be unequivocally expressed.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Accord-

ingly, if § 1331 is to be used to secure relief against Defendants in their official capacities, it must

be tied to some additional authority, such as the Administrative Procedures Act ("APA"), 5 U.S.C.

§ 701 *et seq.*, which waives the government's sovereign immunity under certain conditions.

**B.      28 U.S.C. § 2201**

Plaintiffs further assert this Court's jurisdiction pursuant to the Declaratory Judgment Act

("DJA"), 28 U.S.C. § 2201.  (Compl. at 3.)  Neither does the Declaratory Judgment Act operate in

and of itself to waive sovereign immunity or to confer jurisdiction on the federal courts.  *Austral Oil*

*Co., Inc. v. National Park Serv.*, 982 F. Supp. 1238, 1242 (N.D. Tex. 1997).  "[T]he Declaratory

Judgment Act, as a procedural statute, [is also] not an independent basis of federal jurisdiction."

*Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 447 & n.11 (5th Cir. 2002) (footnote omitted);

*accord In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *Gaar v. Quirk*, 86

F.3d 451, 453 (5th Cir. 1996).  Unless Plaintiffs can show independent grounds for jurisdiction, the

DJA has no applicability to this case.

**C.      Administrative Procedures Act**

Finally, Defendants contend that the APA, upon which other courts have relied for juris-

diction in similar cases, does not provide a basis for jurisdiction because judicial review of the

discretionary decision at issue is precluded.  (MTD at 7; Reply at 1-8.)  Plaintiffs respond that this

Court has jurisdiction under § 1331 as "originally pleaded," but also invoke the APA as a basis for

jurisdiction.[2]  (Resp. at 9-11.)

_____

[2]Plaintiffs' complaint does not specifically assert the APA as a basis for jurisdiction.  Given that this claim was
initially raised by Defendants and fully addressed in their pleadings, Plaintiffs complain of a final agency action in their
original complaint, they have now expressly invoked the APA in their response, and amendment would place the issue

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, the APA does not apply when (1) "statutes preclude judicial review" or (2) "agency action is committed to agency discretion by law." *Id.* § 701(a). Furthermore, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." *Id.* § 704. A "preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.*

**1.       Preclusion of Judicial Review**

Defendants' argument that the APA does not provide this Court with jurisdiction over Plaintiffs' claims is primarily premised on 5 U.S.C. § 701(a)(1) and the jurisdiction stripping pro-vision of 8 U.S.C. § 1252(a)(2)(B)(ii), which deprives courts of jurisdiction over areas where the Department of Homeland Security ("agency") has been granted discretion by the Immigration and Nationality Act ("INA"). (MTD at 7; Reply at 1-8.) That section provides that judicial review may not be had of "any . . . decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." "[T]his subchapter" refers to subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378.

The Fifth Circuit has interpreted the jurisdiction stripping provision of § 1252(a)(2)(B)(ii) narrowly, stating that

"[o]ne might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to

---

before the Court, the claim will be considered. The Court notes that other courts have considered and allowed bases for jurisdiction asserted in response to a motion to dismiss in cases not involving *pro se* plaintiffs. *See Hammond v. Kunard*, 889 F. Supp. 1084, 1090 (C.D. Ill. 1994) (court looked to response to motion to dismiss to determine whether some other basis for jurisdiction existed); *cf. Phonometrics, Inc. v. Northern Telecom, Inc.,* No. 93-6561-CIV, 1996 WL 33420460, at *1 (S.D. Fla. Mar. 29, 1996).

review any discretionary immigration decision." Such a reading is mistaken, however, "because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review" the discretionary authority that is "*specified in the statute*." *Id.* As we have repeatedly noted, we observe again that the language of § 1252(a)(2)(B)(ii) is thoroughly "pellucid on this score; it does not allude generally to 'discretionary authority' or to 'discretionary authority exercised *under this statute*,' but specifically to 'authority for which is *specified under this subchapter* to be in the discretion of the Attorney General.'"

*Ahmed v. Gonzales*, 447 F.3d 433, 436 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)); *see also Manzano-Garcia v. Gonzales*, 413 F.3d 462, 467 (5th Cir. 2005) (per curiam) (quoting same). Accordingly, where discretion is authorized by regulation rather than the INA itself, courts retain jurisdiction to review agency decisions. *Manzano-Garcia*, 413 F.3d at 466 (reaffirming its prior decision in *Zhao* that because the discretion to deny a motion to reopen was regulatory, the court had authority to review such a decision). *See also Ali v. Gonzales*, 155 Fed. App'x 777, 778 (5th Cir. Nov. 28, 2005) (holding that because the discretion to deny a request for continuance was authorized by regulation rather than the INA, the court had jurisdiction to review the decision).

### a.      § 1184(c)

The admission of nonimmigrants such as Shah is governed by § 1184, entitled "Admission of nonimmigrants," which falls squarely within the subchapter subject to § 1252(a)(2)(B)(ii). The issuance of an L-1A visa[3] such as that granted to Shah is specifically governed by § 1184(c). Subsection (1) of that provision states:

The question of importing any alien as a nonimmigrant under section subparagraph (H), (L), (O), or (P)(i) of section 1101(a)(15) of this title (excluding nonimmigrants

---

[3]An L-1A visa, as defined at 8 U.S.C. § 1101(a)(15)(L), provides temporary admission to the United States for "an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge."

under section 1101(a)(15)(H)(i)(b1) of this title) in any specific case or specific cases shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer. Such petition, shall be made and approved before the visa is granted. The petition shall be in such form and contain such information as the Attorney General shall prescribe. The approval of such a petition shall not, of itself, be construed as establishing that the alien is a nonimmigrant.

8 U.S.C. § 1184(c)(1). Section 1184 does not expressly provide for extensions of nonimmigrant visas. Rather, pursuant to the authority of § 1184(a)(1), the agency promulgated regulations governing extensions of nonimmigrant visas. The specific regulatory provision, 8 C.F.R. § 214.1(c)(5), provides that "[w]here an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted *at the discretion of the Service*." *Id.* (emphasis added). Under *Zhao* and its progeny, the grant of discretion to the agency in this regulation does not deprive the Court of jurisdiction under § 1252(a)(2)(B)(ii) because the regulation is not within subchapter II of Chapter 12 of Title 8. The Court therefore looks to the INA to determine whether any statutory provision within subchapter II grants discretionary authority to grant an extension of stay for a nonimmigrant.

The Fifth Circuit has not yet considered whether the INA awards the Attorney General discretion such that a decision to deny a nonimmigrant L-1A visa or an extension is not reviewable by the courts.[4] Only two courts appear to have specifically considered this issue in the context of § 1184(c)(1). In *Global Export/Import Link., Inc. v. U.S. Bureau of Citizenship and Immigration Service*, 423 F. Supp. 2d 703 (E.D. Mich. 2006), the court concluded that § 1184(c) did confer discretion on the Attorney General, and that judicial review of a denial of a L-1A visa was therefore not reviewable. In so doing, the court relied on the Sixth Circuit's finding that the jurisdiction

---

[4]The Court notes that in another case in this district, *Gasboy Texas, Inc. v. Upchurch*, No. 3:03-CV-336-M, 2004 WL 396257 (N.D. Tex. Jan. 22, 2004), the docket sheet reflects no jurisdictional challenge to judicial review of a decision to deny an extension of an L1-A visa. *See also Nidhin Creations, Inc. v. Department of Homeland Sec.*, H-04-2533, 2006 WL 1207749 (S.D. Tex. May 3, 2006) (opinion on summary judgment on appeal of decision denying a request for an extension of an L-1A visa).

stripping provision of § 1252(a)(2)(B)(ii) precluded review of decisions made under § 1158(b)(2)(A) and § 1231(b)(3) even though neither statute used the word "discretion." *Id.* at 705-07 (citing *Celaj v. Ashcroft,* 121 Fed. App'x 608, 611 (6th Cir. 2005)).  The *Global Export* court found that the language of § 1158(b)(2)(A) ("the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life of freedom would be threatened") and § 1231(b)(3) (stating that certain sections governing asylum "shall not apply to an alien if the Attorney General determines that" certain exceptions apply) was "not appreciably different" from the provision in § 1184(c) that the admission of a non-immigrant "shall be determined by the Attorney General" in that each formulation left the decision to the Attorney General.  *Id.* at 706-07.

Citing *Global Export*, the court in *Mahaveer, Inc. v. Bushey*, No. 04-1275 (GK), 2006 WL 1716723 (D.D.C. June 19, 2006) (slip copy), also considered whether the decision to extend an L1-A visa was discretionary under § 1184(c).  The *Mahaveer* court found discretion because § 1184(c) left the ultimate decision to the Attorney General without providing any specific guidelines or factors to be applied in reaching that decision.  In so finding, the *Mahaveer* court also considered the language of § 1184(a) providing the Attorney General the authority to promulgate regulations as well as the explicitly discretionary language of 8 C.F.R. § 214.1(c)(5)[5] in concluding that "under the plain language of the INA . . . the decision whether to extend a nonimmigrant's L1-A visa is one left to the discretion of the Attorney General." *Id.* at *4.

To the extent that extensions of L-1A visas are governed by § 1184(c), this Court respect-fully disagrees with the conclusions reached in *Global Export* and *Mahaveer.*  Significantly, § 1184(c)(1) does not plainly specify discretion.  "In cases involving statutory construction, a court

---

[5]To the extent that *Mahaveer* relies on this regulation as a basis for its finding of discretion, such reliance is inconsistent with Fifth Circuit law.  *See Manzano-Garcia*, 413 F.3d at 466.

begins with the plain language of the statute.  A court assumes that the legislative purpose of a

statute is 'expressed by the ordinary meaning of the words used.'"  *Burlington Northern & Santa*

*Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 362 (5th Cir. 2005) (quoting *American Tobacco Co.*

*v. Patterson*, 456 U.S. 63, 68 (1982)).  "In ascertaining the plain meaning of the statute, the court

must look to the particular statutory language at issue, as well as the language and design of the

statute as a whole."  *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).  *See also Comacho*

*v. Texas Workforce Comm'n*, 408 F.3d 229, 235 (5th Cir. 2005) ("When interpreting a portion of a

statute, courts must consider the statute in its entirety.") (citing *Lexecon, Inc. v. Milberg Weiss*

*Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998)); *Smith v. City of Jackson, Miss.*, 351 F.3d 183,

190 n.9 (5th Cir. 2003) ("[I]t is a cardinal rule of statutory interpretation that we are to consider the

whole act, reading each section in light of the others.").  "Where one section of a statute contains

a particular provision, omission of the same provision from a similar section is significant to show

different legislative intent for the two section[s]."  2A N. SINGER, SUTHERLAND ON STATUTORY

CONSTRUCTION § 46.07, at 202-04 (6th Ed. 2000).

As aptly stated by the Third Circuit in *Alaka v. Attorney General*, 456 F.3d 88 (3d Cir. 2006),

"Congress knows how to 'specify' discretion and has done so repeatedly in other provisions of the

INA."  *Id.* at 97 & n.17 (providing thirty-two examples of provisions in subchapter II wherein

Congress made explicit its grant of discretion to the Attorney General);[6] *see also Zhu v. INS*, 300

---

[6]Note 17 states:

*See* 8 U.S.C. § 1103(a)(5)(he "shall, in his discretion, appoint ⋯ employees"); 8 U.S.C. § 1157(c)(1)
("the Attorney General may, in the Attorney General's discretion"); 8 U.S.C. § 1159(b) ("in the
[Homeland Security] Secretary's or the Attorney General's discretion"); 8 U.S.C. § 1181(b) ("the
Attorney General in his discretion"); 8 U.S.C. § 1182(a)(3)(D)(iv) ("[t]he Attorney General may, in
the Attorney General's discretion"); 8 U.S.C. § 1182(a)(9)(B)(v) ("[t]he Attorney General has sole
discretion"); 8 U.S.C. § 1182(d)(1) ("[t]he Attorney General, in the Attorney General's discretion");
8 U.S.C. § 1182(d)(3)(A) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(d)(5)(A) ("in
his discretion"); 8 U.S.C. § 1182(d)(11) ("[t]he Attorney General may, in his discretion"); 8 U.S.C.
§ 1182(d)(12) ("[t]he Attorney General may, in the discretion of the Attorney General"); 8 U.S.C.

F. Supp. 2d 77, 80 n.2 (D.D.C. 2004) (noting fifty-one instances in subchapter II where Congress

expressly specified discretion).[7]  One of these explicit provisions is contained in § 1184(c)(6)(F),

---

1182(g)(1) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(g)(3) ("in the discretion of the Attorney General"); 8 U.S.C. § 1183 ("in the discretion of the Attorney General"); 8 U.S.C. § 1184(c)(6)(F) ("as the Attorney General determines, in his sole discretion"); 8 U.S.C. § 1184(d)(1) ("the Secretary of Homeland Security in his discretion"); 8 U.S.C. § 1186a(c)(4) ("in the Attorney General's discretion"); 8 U.S.C. § 1186a(d)(3) ("in the Attorney General's discretion"); 8 U.S.C. § 1203(b) ("the Attorney General may, in his discretion"); 8 U.S.C. § 1225(a)(4) ("in the discretion of the Attorney General"); 8 U.S.C. § 1225(b)(1)(A)(iii)(I) ("in the sole and unreviewable discretion of the Attorney General"); 8 U.S.C. § 1227(a)(1)(E)(iii) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1227(a)(1)(H) ("in the discretion of the Attorney General"); 8 U.S.C. § 1227(a)(7)(B) ("the sole discretion of the Attorney General"); 8 U.S.C. § 1259 ("in the discretion of the Attorney General"); 8 U.S.C. § 1281(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1281(c) ("in the discretion of the Attorney General"); 8 U.S.C. § 1286 ("in the discretion of the Attorney General"); 8 U.S.C. § 1302(c) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1305(b) ("[t]he Attorney General may in his discretion"); 8 U.S.C. § 1321(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1330(a) ("in the discretion of the Attorney General"); and 8 U.S.C. § 1353 ("within the discretion ⋯ of the Attorney General").

[7]Note 2 states:

*See* 8 U.S.C. § 1103(a)(5) (the Attorney General "shall, in his discretion, appoint ⋯ employees"); 8 U.S.C. § 1157(c)(1) ( "Attorney General may, in the Attorney General's discretion"); 8 U.S.C. § 1158(b)(2)(A)(v) ("in the Attorney General's discretion"); 8 U.S.C. § 1159(b) ("in the Attorney General's discretion"); 8 U.S.C. § 1181(b) ( "in his discretion"); 8 U.S.C. § 1182(a)(3)(D)(iv) ("[t]he Attorney General may, in the Attorney General's discretion"); 8 U.S.C. § 1182(a)(9)(B)(v) ("[t]he Attorney General has sole discretion"); 8 U.S.C. § 1182(d)(1) ("in the Attorney General's discretion⋯ if the Attorney General considers it to be in the national interest to do so"); 8 U.S.C. § 1182(d)(3) ("in the discretion of the Attorney General") (twice); 8 U.S.C. § 1182(d)(5)(A) ("in his discretion"); 8 U.S.C. § 1182(d)(11) ("may, in his discretion"); 8 U.S.C. § 1182(d)(12) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(g) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(g)(3) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(h) ("may, in his discretion"); 8 U.S.C. § 1182(h)(1)(B)(2) ("the Attorney General, in his discretion"); 8 U.S.C. § 1182(i)(1) ("[t]he Attorney General may, in the discretion of the Attorney General"); 8 U.S.C. § 1182(k) ("in the discretion of the Attorney General"); 8 U.S.C. § 1183 ("in the discretion of the Attorney General"); 8 U.S.C. § 1184(c)(6)(F) ("as the Attorney General determines, in his sole discretion"); 8 U.S.C. § 1184(d) ("the Attorney General in his discretion"); 8 U.S.C. § 1186a(c)(4) ("in the Attorney General's discretion"); 8 U.S.C. § 1186a(c)(4)(c) ("within the sole discretion of the Attorney General"); 8 U.S.C. § 1203(b) ("may, in his discretion"); 8 U.S.C. § 1225(a)(4) ("in the discretion of the Attorney General"); 8 U.S.C. § 1225(b)(1)(A)(iii) ("in the sole and unreviewable discretion of the Attorney General"); 8 U.S.C. § 1227(a)(1)(E)(iii) ("may, in his discretion"); 8 U.S.C. § 1227(a)(1)(H) ("in the discretion of the Attorney General"); 8 U.S.C. § 1229b(b)(2)(D) ("within the sole discretion of the Attorney General"); 8 U.S.C. § 1255(a) ("[t]he Attorney General, in his discretion"); 8 U.S.C. § 1255(j)(2) ("in the sole discretion of the Attorney General"); 8 U.S.C. § 1255a(b)(1)(D)(ii) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1255a(c)(5)(C) ("in the Attorney General's discretion"); 8 U.S.C. § 1255a(g)(2)(C) ("in the discretion of the Attorney General"); 8 U.S.C. § 1259 ("in the discretion of the Attorney General"); 8 U.S.C. § 1281(a)(2) ("in the discretion of the Attorney General"); 8 U.S.C. § 1282(c)(2) ("in the discretion of the Attorney General"); 8 U.S.C. § 1286 ("in the discretion of the Attorney General"); 8 U.S.C. § 1302(c) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1305(b) ("the Attorney General may in his discretion"); 8 U.S.C. § 1321(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1330(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1353 ("within the discretion ⋯ of the Attorney General"); 8 U.S.C. § 1443(d)

which contains the language, "as the Attorney General determines, in his sole discretion." By using

the word "discretion in subsection (6)(F) but not in subsection (1), Congress appears to have a

different intent. Moreover, courts interpreting statutes must "give effect, if possible, to every clause

and word of a statute." *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (quoting

*Inhabitants of Montclair Tp. v. Ramsdell*, 107 U.S. 147, 152 (1883)).

Nevertheless, the Court notes that use of the word "discretion" is not required to invoke the

jurisdictional bar of § 1252(a)(2)(B)(ii) where the language clearly connotes discretion. *See Jilin*

*Pharm. U.S.A., Inc. v. Chertoff*, 447 F.3d 196, 200-05 (3d Cir. 2006) (finding that § 1155, which

provides that the agency head "may, at any time, for what he deems to be good and sufficient cause,

revoke the approval of any petition approved by him under section 1154 of this title" sufficiently

specified discretion so as to bar review); *Zhu v. Gonzales*, 411 F. 3d 292, 295 (D.D.C. 2005) (finding

that § 1153(b)(2)(B) provides the Attorney General complete discretion by stating that he "may,

when the Attorney General deems it to be in the national interest, waive the requirements. . .that an

alien's services. . .be sought by an employer in the United States."); *see also Haig v. Agee*, 453 U.S.

280, 294 n.26 (1981) (use of the word "may" creates a presumption of discretion under normal rules

of statutory interpretation). Only a showing of "clear and convincing evidence" will suffice to sup-

port a finding that Congress intended to preclude judicial review of an administrative action,

however. *Board of Governors v. MCorp. Fin., Inc.*, 502 U.S. 32, 44 (1991). The language in those

sections found to be discretionary despite the absence of the word "discretion" rises to this level.

---

("the Attorney General may, in his discretion"); 8 U.S.C. § 1446(a) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1446(c) ("may, in the discretion of the Attorney General"); 8 U.S.C. § 1537(b)(2)(C) ("solely at the discretion of the Attorney General"); 8 U.S.C. § 1613(c)(2)(G) ("in the Attorney General's sole and unreviewable discretion"); 8 U.S.C. § 1621(b)(4) ("in the Attorney General's sole and unreviewable discretion"); and 8 U.S.C. § 1641(c)(3) ("in the Attorney General's sole and unreviewable discretion").

*See* §§ 1153(b)(2)(B), 1155.  In contrast, § 1184(c)(1) contains neither an explicit nor a presumptive

grant of discretion which could so be described.  Accordingly, to the extent that § 1184(c)(1) is the

applicable provision, the Court concludes that it does not clearly award discretion to the Attorney

General such that this Court's jurisdiction is precluded under § 1252(a)(2)(B)(ii).

> **b.**      **§ 1184(a)**

Other courts have looked to § 1184(a)(1) to determine whether the agency has discretion to

deny extensions of nonimmigrant visas.  Section 1184(a), entitled "Regulations," provides at

subsection (1) that:

> The admission to the United States of any alien as a nonimmigrant shall be for such
> time and under such conditions as the Attorney General may by regulations
> prescribe. . .to insure that at the expiration of such time or upon failure to maintain
> the status under which he was admitted, or to maintain any status subsequently
> acquired under section 1258 of this title, such alien will depart from the United
> States.

8 U.S.C. § 1184(a)(1).  In *Eastern Carpet House, Inc. v. Department of Homeland Security*, 430 F.

Supp. 2d 672 (S.D. Tex. 2006), the court found it had no jurisdiction to review the denial of an

extension of an L-1A visa because the inclusion of the word "may" in § 1184(a)(1) "affords the

Attorney General discretion to decide who may be admitted to the country as a nonimmigrant and

under what conditions such admission may occur.  This greater power includes the lesser power of

denying a petition to extend a nonimmigrant's visa status."  430 F. Supp. 2d at 675.  In *Blacher v.

Ridge*, 436 F. Supp.2d 602 (S.D.N.Y. 2006), the court found that review of a denial of an H1-B visa

was precluded; the court recited the language of 1184(a)(1) and then stated "[t]he statute clearly

grants discretion to the Attorney General in these cases to determine whether the conditions for the

visa have been met" without further analysis.  436 F. Supp. 2d at 606.  In *Shine's Ranch Corp. v.

Ridge*, No.3:04-CV-2371-R, 2005 WL 1923595 (N.D. Tex. Aug. 10, 2005), the court looked to §

1184(a)(1) but found that it had jurisdiction to review the denial of a request for a nonimmigrant L-1A visa extension because the word "discretion" appeared in the regulation rather than the INA section.

*Eastern Carpet*'s finding of discretion to grant or deny L-1A visas in subsection (a) appears overly broad because the specific authority to grant admission for a nonimmigrant is expressly set forth in subsection (c)(1).  Moreover, the period of authorized admission  for a nonimmigrant admitted under an L visa is expressly set forth in § 1184(c)(2)(D).  "As a fundamental rule of statutory interpretation, specific provisions trump general provisions."  *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).  Under this rule of statutory construction, the more specific subsection (c) which expressly applies to L-1 visas appears to trump the more general subsection (a).

Even assuming that § 1184(a) is the relevant provision of the INA governing extensions of nonimmigrant visas, any discretion conferred by § 1184(a)(1) appears to relate to the implementation of regulations setting forth the time and conditions under which a non-immigrant shall be admitted to the United States.  The court in *M.D. Management Co. v. United States Department of Homeland Security*, No. 04-10499-RWZ, 2005 WL 91307, at * 2 (D. Mass. Jan. 18, 2005), agreed with this reading of § 1184(a)(1), stating:

> A comprehensive review of [§ 1184(a)] clarifies that such discretion as is authorized is limited to the development of regulations regarding the statutorily defined events that may trigger an nonimmigrant's admission and departure.  Defendant enjoys no discretion to expand or revise these events, which are restricted to expiration of time allowed in the United States and failure to maintain either admission status or a subsequently acquired immigration status.

The Court notes that subsection (a) is specifically entitled "Regulations," rather than admission of nonimmigrants.  "'[T]he title of a statute and the heading of a section' are 'tools available for the

resolution of a doubt' about the meaning of a statute." *Almendarez-Torres v. U.S.*, 523 U.S. 224,

234 (1998) (quoting *Trainmen v. Baltimore & Ohio R. Co.,* 331 U.S. 519, 528-529 (1947)); *see also*

*INS v. National Center for Immigrants' Rights, Inc.,* 502 U.S. 183, 189 (1991).

Further, other courts considering the issue of discretion to deny extensions of nonimmigrant

visas have simply cited to § 1184(a)(1) without analysis and then looked directly to the authorized

regulations to determine whether discretion was specified such that judicial review was precluded.

*See CDI Info. Sys., v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002) (finding that 8 U.S.C. § 214.1(c)

clearly conferred discretion on the agency to deny extension of H1-B visa); *National Collegiate*

*Recreation Serv. v. Chertoff,* __F. Supp. 2d __, 2006 WL 2389634, at *2-5 (D.S.C. Apr. 28, 2006)

(analyzing regulation and finding that neither INA nor regulation specified discretion which barred

judicial review of denial of Q-1 visa); *Evangelical Lutheran Church v. INS*, 288 F. Supp.2d 32

(D.D.C. 2003) (finding that decision pursuant to 8 U.S.C. § 214.1(c) fell squarely within the

Attorney General's discretion and was therefore insulated from review denial of extension of H-1B

visa).[8]

Finally, as discussed above in reference to § 1184(c)(1), the plain language of §1184(a)(1)

does not clearly confer discretion on the Attorney General.  It contains neither an explicit nor a

presumptive grant of discretion to deny extensions of L1-A visas which rises to the level of "clear

and convincing evidence" that Congress intended to preclude judicial review of an administrative

action. *See Board of Governors*, 502 U.S. at 44.

In conclusion, the Court finds that § 1184(a)(1) does not clearly award discretion to the

Attorney General such that this Court's jurisdiction under the APA is precluded by § 701(a)(1)

---

[8]As previously noted, only discretion specified in the statute precludes judicial review under § 1252(a)(2)(B)(ii) in the Fifth Circuit. *Zhao*, 404 F.3d at 303.

through the preclusive effect of § 1252(a)(2)(B)(ii).

## 2.      **Discretionary Agency Action**

The Court recognizes that Defendants also cite 5 U.S.C. § 701(a)(2) as a basis for lack of

jurisdiction over this action under the APA.  (*See* MTD at 7.)  This issue is not briefed in the motion,

however, and Defendants appear to focus exclusively on § 701(a)(1) in their reply.  (*See* Reply at

1-8.)  In any event, pursuant to § 701(a)(2), the APA provides no basis for federal jurisdiction when

"agency action is committed to agency discretion by law."  The Supreme Court has interpreted that

section to mean that review under the APA "is not to be had if the statute is drawn so that a court

would have no meaningful standard against which to judge the agency's exercise of discretion."

*Heckler v. Chaney*, 470 U.S. 821, 830 (1985).  Relying on *Heckler*, the Fifth Circuit has held that

"[a]gency action is committed to agency discretion by law . . . if there are no statutory or regulatory

provisions creating standards against which the agency action can be measured."  *Perales v.

Casillas*, 903 F.2d 1043, 1047 (5th Cir. 1990).

In this case, no party has provided a statutory or regulatory provision that creates standards

against which a discretionary agency action can be measured.  The applicable regulatory provision

governing extension proceedings, 8 C.F.R. § 214.1(c)(5), merely provides:  "Where an applicant or

petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of

the Service.  There is no appeal from the denial of an application for extension of stay filed on [the

appropriate form]."  Because this regulation creates no standards by which the courts can measure

discretionary action taken under the regulation, § 701(a)(2) excepts from APA jurisdiction such

discretionary agency action.  However, § 701(a)(2) does except this case from jurisdiction under the

APA because the challenged "agency action" is not the discretionary act related to the requested

extension, but rather the pre-requisite, non-discretionary action of determining Shaw's eligibility

for the discretionary relief.  In short, although § 214.1(c)(5) commits the act of granting a requested

extension to the agency, the regulation requires an eligibility determination before the agency may

grant the extension, and it is this eligibility determination that Plaintiffs challenge in this action.  For

these reasons, § 701(a)(2) does not except the instant case from APA jurisdiction.

The Court further notes that, because Plaintiffs specifically challenge a non-discretionary act

related to eligibility for an extension, it appears that § 1252(a)(2)(B)(ii) does not preclude judicial

review.  In the context of a request for adjustment of status, an appropriate court may may review

the determination of non-discretionary, eligibility qualifications notwithstanding § 1252(a)(2)(B)(ii).

*Boykov v. Ashcroft*, 383 F.3d 526, 531 (7th Cir. 2004) (recognizing that § 1255 has "both

discretionary and statutory eligibility grounds" for obtaining an adjustment of status); *Demello v.

Barrows*, No. 3:04-CV-2578-M, 2005 WL 517861, at *8 & n.5 (N.D.Tex. Mar. 4, 2005) (findings,

conclusions, and recommendation), *accepted by* 2005 WL 762232 (N.D.Tex. Apr. 4, 2005).

Appropriate courts may likewise review determinations of non-discretionary, eligibility

requirements related to an extension of a stay for a nonimmigrant notwithstanding §

1252(a)(2)(B)(ii).

### III.   CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss and Brief in Support*, filed October

28, 2005, is hereby **DENIED**.

**SO ORDERED**, on the 5th day of October, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE